Johnson, J.
This was a proceeding in mandamus invoking the original jurisdiction of the court of appeals of Montgomery county. It was brought by the plaintiff in error on behalf of himself, as a taxpayer, and of all taxpayers in the school district.
*361 The petition avers that the defendant in July, 1920, adopted a resolution to submit to the electors of the school district the question of a bond issue, under Section 7625 et seq., General Code, for the purpose, among others, of purchasing a site for and erecting and equipping a school building to accommodate the consolidation of subdistricts 2 and 6; that the defendant caused the publication and posting of notices of said election as required by law; that the notices specified the purposes of the issue of the bonds as described in the resolution; that the election was held with the result that the bond issue was carried and the defendant by resolution authorized the issue of $125,000 of bonds for the purposes mentioned; that all of said bonds have been issued and sold and are in the hands of bona fide holders for value; that in November, 1921, the board of education by resolution decided not to purchase a site, erect or equip a school building to consolidate sub-districts Nos. 2 and 6, but to purchase sites for, erect and equip two school buildings, one for each, and located in said subdistricts; and that it has secured options for sites and intends to purchase same and erect and. equip a scnool building in each of said districts. The petition prays that, a writ of mandamus issue commanding defendant board of education to proceed to purchase a site for and erect and equip a school building for consolidation of sub-districts 2 and 6 and that defendant be enjoined from expending the funds otherwise.
The defendant board, in its answer, substantially admits the allegations of the petition, except that it denies that the resolution of November, 1921, wa3 illegally, wrongfully or arbitrarily made, in viola- *362 t-ion of the purposes for which said bonds were authorized, issued and sold.
On the hearing the court of appeals dismissed the petition. In its entry it is shown that the court held that it was without jurisdiction to grant the relief sought and that injunction and not mandamus was the proper remedy in the premises. This proceeding is brought to reverse the judgment of the court of appeals.
Mandamus is a high prerogative writ to be issued in the discretion of the court when it is clearly shown that there is a plain dereliction of duty by public officers. It will issue only in the absence of any other adequate remedy. By the provisions of Section 12283, General Code, the writ is defined as follows: “Mandamus is a writ issued, in the name of the state, to an inferior tribunal, corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
In Board of Education of Sycamore v. State, ex rel. Wickham, 80 Ohio St., 133, which was a case relating to the control and management of the public schools of the several districts of the state, it was held that “Mandamus will lie to compel the performance of an act which is clearly shown to be especially enjoined by law as a duty resulting from an office, trust or station. But it will not lie to control discretion unless it be clearly shown that the refusal by the one occupying the trust or station to perform the desired act is an abuse of discretion. The State, ex rel. Milhoof, v. The Board of Education, 76 Ohio St., 297, approved and followed.”
*363 In the recent case of Brannon v. Board of Education of Tiro District, 99 Ohio St., 369, it was declared:
“A court has no authority to control the discretion vested in a board of education by the statutes of this state, or to substitute its judgment for the judgment of such board, upon any question it is authorized by law to determine.
“A court will not restrain a board of education from carrying into effect its determination of any question within its discretion, except for an abuse of discretion or for fraud or collusion on the part of such board in the exercise of its statutory authority.”
Now in this case the steps, with reference to the issue of the bonds referred to were taken pursuant to the provisions of Section 7625, General Code, the pertinent portion of which is as follows: “When the board of education of any school district determines that for the proper accommodation of the schools of such district it is necessary to purchase a site or sites to erect a school house or houses * * * that the funds at its disposal or that can be raised under the provisions of sections seventy-six hundred and twenty-nine and seventy-six hundred and thirty, are not sufficient to accomplish the purpose and that a. bond issue is necessary, the board shall make an estimate of the probable amount of money required for such purpose or purposes and at a general elec tion or special election called for that purpose, submit to the electors of the district the question of the issuing of bonds for the amount so estimated.” Section 7646, General Code, contains a general provision that the board of education of each rural dis *364 trict shall establish and maintain at least one elementary school in each subdistrict under its control, unless transportation is furnished to the pupils thereof as provided by law.
It will be observed that Section 7625, General Code, requires the board to “submit to the electors of the district the question of the issuing’ of bonds for the amount so estimated.”
The manifest purpose of the legislature was to secure to the electors of the district the final determination of the matter of the issuing of bonds to be paid by the taxpayers of the district. There is nothing in the section which indicates that the legislature intended to withdraw from the board of education the discretion conferred upon it by that and other sections of the Code with reference to the control and management of the schools of the district, or with reference to the consolidation of rural districts. All of those matters are left within the discretion of the board precisely as if the question of the bond issue had not been submitted to the electors. Therefore it cannot be said that after the approval of the bond issue by the electors there was “specially enjoined upon the board of education as a duty resulting from their office, trust or station” the obligation to proceed with the erection of a school building upon any site, or at all, or to do any other special thing connected with their duties as such board. That being true, there could be no ground for the issuing of a writ of mandamus.
If in the expenditure of the money realized from the proceeds of the bonds the board of education proceeds in excess of its legal authority, or abuses *365 its discretion, or violates any duty enjoined upon it by law, it would be enjoined in a proper proceeding.
The law is well settled that in such a case injunction is the proper remedy for the protection of the taxpayer. He has sufficient interest to maintain an action to enjoin public officers from the commission of acts in excess of legal authority and requiring the expenditure of public money. State,, ex rel. Atty. Genl., v. City of Newark, 57 Ohio St., 430; Elyria Gas & Water Co. v. City of Elyria, 57 Ohio St., 374; Green v. State Civil Service Commission, 90 Ohio St., 252, and City of Cincinnati v. Hillenbrand et al., 103 Ohio St., 286.
But even if there was shown by the pleadings and proof in this case a state of facts under which plaintiff would be entitled to a decree enjoining the defendant board, no such decree could have been entered because the court of appeals has no original jurisdiction in chancery cases or cases in which injunctive decrees may be made. This case was brought in the court of appeals to invoke its original jurisdiction in mandamus.
For these reasons the judgment of the court of appeals will be affirmed.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ.,. concur.